UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL SIMS,                                )
                                             )
       Petitioner,                      )
                                             )
       v.                               )    CAUSE NO. 3:11-CV-0297 WL
                                             )
SUPERINTENDENT, WABASH                       )
VALLEY CORRECTIONAL FACILITY,                )
                                             )
       Respondent.                      )

## OPINION AND ORDER

Petitioner Michael Sims filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

According to the petition and its attachments, on May 4, 1989, the Petitioner was convicted in the Elkhart Superior Court of attempted murder, rape while armed with a deadly weapon, and criminal confinement, for which he received an aggregate sentence of 120 years (DE 1-3 at 19). The Petitioner's conviction was affirmed on appeal by the Indiana Court of Appeals in August 1993, and the Indiana Supreme Court denied transfer in September, 1993 (DE 1 at 1-2). On March 29, 2010, the Petitioner filed a motion to correct erroneous sentence, which was denied the same day (DE 1 at 2). He attempted to appeal, but the Indiana Court of Appeals dismissed his appeal (DE 1 at 4).

This petition is governed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2244(d)(1)imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. The statute of limitations begins to run the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, unless the statute was tolled by a subsequent court proceeding or, pursuant to Section 2244(d)(2) (1), there was a state created unconstitutional impediment to appeal was removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (3) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of certiorari to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). The Petitioner's judgment of conviction became final in December 1993, before the provisions of the AEDPA went into effect. Any prisoner whose conviction became final prior to the AEDPA's enactment on April 24, 1996, received a one year grace period within which to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Accordingly, the Petitioner's statute of limitations expired on April 24,

1997, *Id.* at 832-33, unless the statute was tolled by a subsequent state court proceeding or one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or the statute was tolled by a subsequent state court proceeding.

According to the petition, the Petitioner filed a motion to correct erroneous sentence on March 29, 2010, but that motion did not toll the statute of limitations because it was not filed until long after the statute of limitations had expired. The Petitioner does not suggest that he was unable to raise the claims set forth in his petition because of any impediment created by the state, that his claims are founded on new law retroactively applied to cases on collateral review, or that the factual predicates for his claims could not have been discovered by the exercise of due diligence. Accordingly, this petition is barred by the statute of limitations.

For the foregoing reasons, the court DISMISSES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED

DATED: August 12, 2011

                                             s/William C. Lee
                                             William C. Lee, Judge
                                             United States District Court