UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL SIMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:11-CV-0297 WL |
| SUPERINTENDENT, WABASH VALLEY CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent. | ) ) |

OPINION AND ORDER

Michael Sims, a prisoner confined at the Wabash Valley Correctional Facility, filed a motion for declaratory judgment against the State of Indiana pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which was docketed as 3:11cv147 JD. Mr. Sims asserted in that case that "Declaratory Judgment is appropriate to clear up an actual controversy concerning Petitioner['s] sentencing and convictions . . ." [DE 1 at 1]. He stated that "the Elkhart Superior Court imposed an erroneous sentence . . . and refuse[s] to correct it." *ld.* The Court concluded that because Mr. Sims's claims implicate the fact or duration of his confinement and because he is a state prisoner, he must bring his challenge to the sentence imposed on him by the Elkhart Superior Court in petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254. The court dismissed Mr. Sims's motion for declaratory judgment without prejudice to his right to present his claims in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Mr. Sims subsequently filed the petition for writ of habeas corpus in this case pursuant to 28 U.S.C. § 2254, challenging his conviction. This Court reviewed his petition

pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and concluded that his petition would have to be dismissed because it is barred by the statute of limitations (DE 2).

Mr. Sims has filed a motion to reconsider that dismissal, arguing that the court in 3:11cv147 JD told him that he "may file a petition for writ of habeas corpus raising these claims" (DE 4 at 1). He then argues that since the court "stated that petitioner has a right to present his claims in a petition for writ of habeas corpus . . . [it] . . . somewhat repudiated the one-year statute of limitation on state prisoners seeking habeas relief" (DE 4 at 1-2).

But that the court in 3:11cv147 JD told Mr. Sims that he could file a petition for habeas corpus in no way relieved him of the obligation to file a timely petition for writ of habeas corpus. This Court has concluded that Mr. Sims's petition for writ of habeas corpus is untimely, and he does not assert that this Court's analysis regarding the statute of limitations was incorrect.

For the foregoing reasons, the court DENIES the Petitioner's motion to reconsider the dismissal of his petition (DE 4).

SO ORDERED

DATED: October 17, 2011

                                                s/William C. Lee
                                               William C. Lee, Judge
                                               United States District Court